MELINDA HAAG (CA Bar No. 132612)
United States Attorney
ALEX G. TSE (CA Bar No. 152348)
Chief, Civil Division
ROSE DARLING (CA Bar No. 243893)
Special Assistant United States Attorney

Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7744
Facsimile: (415) 625-7772
email: darling.rose@dol.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>vs.<br><br>LIUNA LOCAL 261<br><br>Respondent. | Case No.: 3:14-cv-5366<br><br>**SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE OFFICE OF LABOR-MANAGEMENT STANDARDS, U.S. DEPARTMENT OF LABOR** |

Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this Petition against LIUNA Local 261 ("Local 261" or the "Union") to enforce an administrative subpoena *duces tecum* served on Local 261 by the Office of Labor-Management Standards, U.S. Department of Labor ("OLMS") (the "Subpoena"). The Subpoena was issued in the course of OLMS's investigation of Local 261 conducted under Section 601 of

the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521 ( "LMRDA").

In support of this Petition, the Secretary concurrently lodges with the Court a Memorandum of Points and Authorities, Declaration of Investigator Jeffrey Sorrento, Declaration of Attorney Rose Darling, and a Proposed Order to Show Cause.

In support of this Petition, the Secretary alleges as follows:

### JURISDICTION AND VENUE

1. Respondent Local 261 is a "labor organization" within the meaning of Sections 3(i) and (j) of the LMRDA, 29 U.S.C. § 402(i) and (j).  Local 261 is subject to the coverage of the LMRDA under Sections 3(d) and 521(a) of the LMRDA, 29 U.S.C. §§ 402(d) and 521(a). Local 26's principal place of business is 3271 18th Street, San Francisco, California 94110-1996.

2. The Court has subject matter jurisdiction over this Petition under Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, which applies to the LMRDA under Section 601(b) of the LMRDA, 29 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1345 (United States as plaintiff).

3. Venue is proper under 15 U.S.C. § 49 because OLMS is conducting investigation of Local 261 within this judicial district.

### THE INVESTIGATION AND SUBPOENA

1. On or about October 20, 2014, OLMS received a complaint under Section 402 of the LMRDA, 29 U.S.C. § 482(b), concerning the June 18-19, 2014 election of officers of Local 261.  Thereafter, OLMS, through its district office in San Francisco, California, initiated an investigation of Local 261 under Sections 402 and 601 of the LMRDA, 29 U.S.C. §§ 482 and 521.  The investigation seeks to determine whether any person associated with Local 261 violated or is violating any provisions of the LMRDA.

2. In the course of its investigation, OLMS sought to obtain contact information for

Local 261's members, which information Local 261 is required to maintain under Section 401 of the LMRDA, 29 U.S.C. § 481.

3. Under Section 601 of the LMRDA, 29 U.S.C. § 521, the Secretary or his designated officer is authorized to sign subpoenas, administer oaths and affirmations, question witnesses, and inspect/receive records and evidence. The Secretary has delegated authority to sign and issue administrative subpoenas to Regional Directors and District Directors in OLMS.

4. As part of the investigation described above, on November 18, 2014, OLMS personally served on Local 261 an administrative subpoena *duces tecum* seeking contact information for all active Local 261 members.

5. The November 18 subpoena required Local 261 to produce responsive documents by November 21, 2014.[1]

6. On November 20, 2014, Local 261 responded to the subpoena by letter from counsel, who stated that the Union would not comply with the November 18 subpoena because, among other things, the request for membership information was irrelevant, "overbroad, unduly burdensome, onerous and oppressive," and violated members' First Amendment rights.

7. On November 21, 2014, OLMS personally served on Local 261 a second administrative subpoena *duces tecum*, which narrowed the scope of the first subpoena by seeking contact information for Local 261 members who were active as of June 18-19, 2014, the date of the election of officers, which is the subject of OLMS's investigation.

8. The November 21 subpoena required Local 261 to produce responsive documents by November 24, 2014.

---

[1] Because the statute of limitations for bringing an action under the LMRDA in U.S. district court is 60 days after a union member files a complaint with OLMS, 29 U.S.C. § 482(b), return dates for subpoenas issued under the LMRDA are normally expedited.

9. OLMS received a response to the November 21 subpoena on November 25, 2014. Local 261 refused to comply with the November 21 subpoena for the same reasons that it refused to comply with the November 18 subpoena.

10. On November 25, 2014, the Secretary attempted to reach an out-of-court resolution with Local 261, but Local 261 was unwilling to produce any contact information for its members.

## RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

11. To date, Local 261 has refused to comply with the November 18 or November 21 subpoenas and failed to produce any responsive documents.

12. Local 261's failure to comply with the November 18 and November 21 subpoenas has impeded and is impeding the Secretary's investigation of Local 261 under Sections 402 and 601 of the LMRDA, 29 U.S.C. §§ 482 and 521.

13. Local 261 has not agreed to execute any waivers of the statute of limitations in order to allow the parties sufficient time to resolve their dispute regarding the records requested in the subpoenas.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an Order to Show Cause requiring Local 261 to appear on a date certain to explain why it should not be required to produce the records requested by the November 21 Subpoena, and order such other and further relief as may be necessary and appropriate. Further, because Local 261's failure to comply with the Subpoena has impeded the Secretary's investigation, the Secretary seeks an order tolling the statute of limitations on the Secretary's potential claims against Local 261 from November 24,

2014, the day Local 261's response to the November 21 Subpoena was due, until Local 261 complies with the November 21 Subpoena.

DATED: December 8, 2014        Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney

                                          ALEX G. TSE
                                          Chief, Civil Division

                             By:   __/s/ Rose Darling_____
                                          ROSE DARLING
                                          Special Assistant United States Attorney

                                          Attorneys for Plaintiff